UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:          -CIV

Cinthia Gonzalez

    Plaintiff,

v.

Tri-City Electric Co., INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, Cinthia Gonzalez (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, Tri-City Electric Co., Inc. (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a female former employee of the Defendant is a member of a class of persons protected from discrimination in her employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or around February 2020, the Plaintiff began her employment with the Defendant as an Electrician Apprentice.

16. On or around April 14, 2020, the Plaintiff was assigned to work with Jairo Bernal (Bernal).

17. The Plaintiff was the only woman working in her workspace.

18. One day at work, while the Plaintiff was the only person inside with Bernal, Bernal told the Plaintiff "Aside from being pretty, you smell good" and then asked, "are you okay".

19. One day at work, Bernal unilaterally grabbed the Plaintiff's left hand to help the Plaintiff get down from a ladder. Bernal told the Plaintiff that the Plaintiff should call Bernal every time the Plaintiff gets down from a ladder and the Plaintiff responded that the Plaintiff was able to get down by herself.

20. Bernal continued to tell inappropriate comments to the Plaintiff.

21. On April 17, 2020, the Plaintiff received a message from Bernal and the message stated "Hello Cinthia is that you?" and the Plaintiff did not respond.

22. On April 20, 2020, the Plaintiff asked Tom Garcia if the Plaintiff may not work with Bernal any longer. Tom Garcia told the Plaintiff that the Plaintiff had to work with Bernal.

23. One day at work, Bernal told the Plaintiff that his weekend was long because Bernal did not see the Plaintiff on the weekend, Bernal enjoyed the Plaintiff's company, and Bernal liked to work with the Plaintiff.

24. One day at work, Bernal inquired about the Plaintiff's lunch plans; the Plaintiff informed Bernal the Plaintiff was married, and the Plaintiff's husband prepared her lunch. Bernal continued to invite the Plaintiff to his house to exercise in a local park. The Plaintiff refused the invitation.

25. On April 20, 2020, later in the day, Bernal told the Plaintiff that "she is hot". Bernal mentioned when he is with Plaintiff the time flies and the Plaintiff makes Bernal nervous. Bernal also said "this type of work is not for you, you deserve better. You are pretty and it will not be difficult for you to find a man who gives you everything you need." The Plaintiff responded that she does not need anything from a man and Bernal told the Plaintiff not to tell Tom Garcia about the conversation.

26. Bernal invited the Plaintiff for lunch again and the Plaintiff refused again. Bernal sent Plaintiff a message saying, "not to go out in the sun so her temperature does not rise". The Plaintiff did not respond to the text message and Bernal inquired to the reason for the lack of response. Bernal asked the age of the Plaintiff and insinuated the Plaintiff was younger.

27. Bernal again invited the Plaintiff to his home and to exercise in a local park. The Plaintiff did not respond and did not attend work the next day because the Plaintiff was nervous Bernal will make another pass at the Plaintiff.

28. On April 22, 2020, Bernal told the Plaintiff "I missed you and yesterday was not the same without you". Bernal asked if the Plaintiff missed him, and the Plaintiff replied "No". Bernal again invited the Plaintiff to lunch and the Plaintiff refused. Bernal kept track of the

Plaintiff and the Plaintiff felt Bernal was acting like a husband instead of a coworker. The Plaintiff received another text message while driving home from Bernal and the Plaintiff refused to answer.

29. On April 23, 2020, the Plaintiff spoke with Tom Garcia and showed him all of the text messages. Tom Garcia said he was going to report the incidents to Arnold Abreu, the manager. Bernal was transferred but transferred back to work with the Plaintiff weeks later. Bernal continues his inappropriate conduct with the Plaintiff, and nothing has been done to stop the inappropriate conduct received by the Plaintiff.

30. On or around March 12, 2020, the Plaintiff was told by the Plaintiff's supervisor that the supervisor received a letter from company stating the Plaintiff had be laid off. The Plaintiff was not given a reason as to the reason for the Plaintiff's termination.

31. As a result of Defendant's discriminatory and retaliatory treatment of the Plaintiff based on her sex, the Plaintiff has suffered damages and was forced to retain undersigned counsel.

## COUNT I
## SEXUAL HARASSMENT

32. Plaintiff reasserts her allegations in paragraph 1-31 as fully set forth herein.

33. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

34. As part of its prohibitions, Title VII prohibits sexual harassment.

35. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

36. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted actionable sexual harassment.

37. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

38. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

39. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

40. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

41. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

**COUNT II**
**SEX/GENDER DISCRIMINATION**

42. Plaintiff reasserts her allegations in paragraph 1-31 as fully set forth herein.

43. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)   It shall be an unlawful employment practice for an employer:

    (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

44. Title VII accordingly prohibits discrimination based on sex.

45. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

46. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

47. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

48. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

49. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

50. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

51. Plaintiff reasserts her allegations in paragraphs 1- 31 as fully set forth herein.

52. Section 760.10 of the FCRA states in relevant part:

> "(1) It is unlawful employment practice for an employer:
>
>> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

53. As part of its prohibitions, the FCRA prohibits sexual harassment.

54. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

55. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted sexual harassment.

56. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

57. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

58. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

59. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

60. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

61. Plaintiff reasserts her allegations in paragraphs 1-31 as fully set forth herein.

62. Section 760.10 of the FCRA states in relevant part

> (1) It is an unlawful employment practice for an employer:
>
>> (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

63. The FCRA accordingly prohibits discrimination based on sex.

64. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

65. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

66. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

67. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost

wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

68. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

69. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 .S.C. §§ 2000e et al.)

70. Plaintiff repeats and realleges paragraphs 1 -31 hereof, as if fully set forth herein.

71. Plaintiff engaged in protected activity by refusing sexual advances from Bernal discriminatory treatment based on Plaintiff's sex. Specifically, Plaintiff told Bernal to not touch her and Bernal responded that she will be fired, and she was fired.

72. Plaintiff suffered damages as a result of Defendant unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action. [OTHER MONETARY DAMAGES OR EQUITABLE RELIEF SOUGHT.]

73. Defendant intentionally violated Plaintiff rights under Title VII, with malice or reckless indifference, and, as a result, [is/are] liable for punitive damages.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAW OFFICE, P.A.

8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088


By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223